## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Michael BRISCOE,                          :
     Plaintiff,                        :
                                      :
VS.                                       :
                                        :   Civil Action No.:
CHAIRPERSON OF THE CONNECTICUT :
STATE BOARD OF LABOR RELATIONS, :
*et al.*                                  :
                                        :
     Defendants.                       :   APRIL 24, 2015

## EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER

"[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *U.S. v. Ruiz*, 536 U.S. 622, 628 (2002).  It is equally familiar law that "after removal, the jurisdiction of [a] state court absolutely ceases and the state court has a duty not to proceed any further in the case." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988).  It has been clear since at least the Civil War, that federal jurisdiction, including removal jurisdiction, is a matter of federal law to be determined by a federal court.  It is not up to the courts and judicial bodies of the states to determine federal jurisdiction.  *See Commissioners of Rd. Improvement Dist. No. 2 of Lafayette Cnty., Ark., v. St. Louis Sw. Ry. Co.*, 257 U.S. 547, 557-58 (1922) ("The question of removal under the federal [removal] statute is one for the consideration of the federal court. It is not concluded by the view of a state court. . . .").

Here, however, the Defendants, who are state judicial officers , have taken it upon themselves to determine federal jurisdiction: even though Plaintiff has complied with the procedural requirements for removing a state case to federal court, Defendants have decided that the federal court does not have jurisdiction so they intend to ignore 28 U.S.C. § 1446(d)'s command that, upon the filing of a notice of removal, they "shall proceed no further unless and

until the case is remanded." 28 U.S.C. § 1446(d).  By e-mail from their counsel on Friday April

24, the Defendants confirmed their intention to proceed with a hearing scheduled at 1:30pm on

Monday April 27, 2014, despite the filing of a timely notice of removal.  This disregard of

federal law, and a federal court's prerogative to determine its own jurisdiction, requires this

Court's emergency ex parte intervention.[1]

## I.     THE REMOVAL OF CASE NO MPP 30,919, *NEW HAVEN FIREFIGHTERS LOCAL 825 V. CITY OF NEW HAVEN* TRIGGERED DEFENDANTS' DUTY TO PROCEED NO FURTHER.

Here Michael Briscoe took the three steps required to remove a proceeding pending in the

Connecticut State Board of Labor Relations.  These steps "effect[ed] the removal."  28 U.S.C. §

1446(d).  As a pre-eminent authority of federal jurisdiction explains:

> Removal is effected by the defendant taking three procedural steps: filing a notice of
> removal in the federal court, filing a copy of this notice in the state court, and giving
> prompt written notice to all adverse parties. *No district court order directing removal is
> necessary.*

Wright & Miller, Procedure for Removal—When Removal is Effective, 14C Fed. Prac. & Proc.

Juris. § 3736 (4th ed.) (emphasis added). *See Adler v. Adler*, 862 F. Supp. 70, 72 (S.D.N.Y.

1994). ("[U]nder 28 U.S.C. § 1446 a notice of removal is effective without judicial order unless

a remand is ordered.")  Briscoe sought intervention in state proceedings, and shortly after the

intervention was granted,[2] took these steps.

---

[1] Plaintiff has informed Defendant's counsel of his intention to file this ex parte application and
requested guidance on how to serve the Defendants as immediately.  Defendants' counsel did not
respond with a manner to make service possible before 9:00am on Monday, April 27. Plaintiff is
emailing Defendant's counsel all the pleadings being filed and tried to reach counsel by phone
before the end of the business day but was unable to do so.

[2] Briscoe is a defendant-intervenor in Case No. MPP 30,909. *See* Wright & Miller 14C Fed.
Prac. & Proc. Juris. § 3730 (4th ed.) ("Intervenors may file notices of removal if they are
properly aligned as defendants . . ."); *York Hannover Holding A.G. v. Am. Arbitration Ass'n*, 794

The removal statute provides that once these three steps are taken, the State court "shall proceed no further unless and until the case is remanded." This statute is consistent with long-standing federal law. *See French v. Hay*, 22 Wall 250 (1874) ("If the State courts should persist in proceeding [after removal]-a thing not to be expected-the wrong will be on the part of those tribunals."); *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882) (after filing the necessary documents, "the jurisdiction of the state court absolutely ceased, and that of the . . . court of the United States immediately attached. *The duty of the state court was to proceed no further in the cause*."). "This is so even if it eventually is determined that removal was improper." *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir. 1988); *Tugman*, 106 U.S. at 122.

"Several court decisions . . . have recognized the power of federal courts to enjoin state courts from proceeding in a removed case." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1255 (11th Cir. 1988); *Mitchum v. Foster*, 407 U.S. 225, 234 705 (1972) (federal court may restrain further proceedings in the event of removal); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir. 1988); *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957); *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206, 207 (5th Cir. 1963). Title 28 U.S.C. § 1446(d)'s language "has been considered express authorization to stay state court proceedings." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates, Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996).

The question on such an injunction is not whether the party had a right to remove the case. Briscoe believes his removal of the case was proper—but that is not the point, at least not yet. The propriety of such a removal should be decided on a motion to remand by a federal

---

F. Supp. 118, 121 (S.D.N.Y. 1992) (Haight, J.). ("Nor does McDermott's status as an intervenor preclude it from initiating removal.").

.

court; it should not be unilaterally decided by state judicial officers acting in defiance of a federal statutory command.

## II.   THE STATE BOARD OF LABOR RELATIONS IS A STATE COURT WITHIN THE MEANING OF THE CIVIL RIGHTS REMOVAL STATUTE.

The Defendants' disregard of their obligations under federal law is based, apparently, on their own decision that the State Board of Labor Relations is not a "state court" within the meaning of the Civil Rights Removal Act.  The Second Circuit has not ruled on this question, but other courts have determined that state labor boards are "state courts" within the meaning of removal statutes and that therefore such proceedings are removable.  *See, e.g., Volkswagen de P.R., Inc. v. P.R. Labor Relations Bd.,* 454 F.2d 38 (1st Cir. 1972) (holding state labor board is a state court within meaning of removal statute); *Floeter v. C. W. Transp., Inc.,* 597 F.2d 1100 (7th Cir. 1979) (same); *Tool & Die Makers Lodge No. 78 Int'l Ass'n of Machinists v. Gen. Elec. Co. X-Ray Dep't,* 170 F. Supp. 945 (E.D. Wis. 1959).  In *Upshur County v. Rich,* 135 U.S. 467 (1890, the Supreme Court held that for purposes of removal jurisdiction, it does not matter whether a state body is a "court *eo nomine* [by name]." *Id.* at 477.   Instead, the relevant criteria is whether the state adjudicative body exercises court-like functions.  *Id.*  It has elaborated on that test in a subsequent case.  *See Commissioners of Rd. Improvement Dist. No. 2 of Lafayette Cnty., Ark., v. St. Louis Sw. Ry. Co.,* 257 U.S. 547, 560 (1922) (emphasis added) (case removable if pending in "a court *or tribunal* having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other") (emphasis added).[3]

---

[3] To be sure, there is also conflicting authority.  *See, e.g., Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.,* 288 F.3d 414, 419 (9th Cir. 2002).  In sum, "[w]hether

On this emergency motion, the Court need not decide whether the State Board of Labor Relations is a "state court" within the meaning of the Civil Rights Removal Act. The Court need not even determine that Briscoe is likely to prevail on his argument that he properly removed the State Board of Labor Relations case. The point is, however, that it is inarguable that that determination of removability is one for this federal court to make and that until that determination is made, the Defendants "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "This is so even if it eventually is determined that removal was improper." *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir. 1988); *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882) ("from the moment [of the filing of the necessary documents for removal], it became the duty of the state court to . . . proceed no further").

### III.   RELATIATORY ACTIONS IN WHICH THE STATE FORUM HAS NO JURISDICTION TO ENFORCE FEDERAL CIVIL RIGHTS LAW ARE REMOVABLE.

This emergency motion is not the place for Briscoe to set forth all the other elements of why the state proceeding was properly removable: that should be done, in the ordinary course, on a fully briefed motion to remand—and Briscoe would have no objection to the Defendants here participating in that briefing, as either intervenors or amici. The removed proceeding arises out an unfortunate, decade-long dispute over civil rights law in the New Haven Fire Department that has pitted several white firefighters, some of whom are now union leaders, against several African-American firefighters. The relevant litigation has been to the Supreme Court once, *see*

---

removal can extend to proceedings before administrative agencies has generated substantial debate in the federal courts." *Rockville Harley-Davidson v. Harley-Davidson Motor Co.*, 217 F. Supp. 2d 673, 676 (D. Md. 2002). The fundamental point, however, is that this is a debate to resolved by federal courts, not state agencies.

*Ricci v. DeStefano*, 557 U.S. 557 (2009), and the Second Circuit more than once. *See, e.g.,*
*Briscoe v. City of New Haven*, 654 F.3d 200 (2011). The dispute appeared to have largely run its
course in March, 2014 when the City of New Haven and Michael Briscoe settled one of the
remaining cases arising out of New Haven's 2003 fire lieutenant exam. But Local 825, Briscoe's
union, which is led by James Kottage and Frank Ricci (both former plaintiffs in the *Ricci v.*
*DeStefano* litigation), decided to continue the litigation and seek payback against Briscoe by
filing litigation and labor board proceedings to try to dislodge him from desirable work in the
New Haven public safety communications dispatching center. These actions are retaliatory, but
the state labor board does not have jurisdiction to consider complaints of Title VII retaliation.
Retaliatory proceedings in which the state court does not have jurisdiction over Title VII may be
removed under 28 U.S.C. § 1443(1). *See, e.g., Conrad v. Robinson*, 871 F.2d 612, 616 (6th Cir.
1989) (allegedly retaliatory lawsuit properly removed under § 1443 because "retaliatory
motivation prohibited by Title VII cannot be heard in the Ohio courts").

    The Court need not determine now whether the SBLR proceeding was properly removed,
however. The Court need not even determine whether Briscoe is likely to succeed on his claim
that the SBLR proceeding was properly removed. Instead, the relevant question is whether
Briscoe is likely to prevail on his contention, in this emergency proceeding, that the
determination of removability is one to be made by a federal court and that pending that
determination, the Defendants "shall proceed no further unless and until the case is remanded."
28 U.S.C. § 1446(d). That question is clear as day and warrants temporary ex parte relief.[4]

---

[4] We recognize that the SBLR would prefer not to lose the half-day it has set aside on Monday
for the hearing in this matter (as well as the separate matter brought by New Haven's police
union complaining on different grounds about the Mayor's assignment of Briscoe to run the City
of New Haven's emergency 911 center. Briscoe notes that he has no objection to the hearing on

## CONCLUSION

This Court should grant Plaintiff's proposed order. In particular, the Court should order the Defendants not to proceed with their intended April 27, 2015 hearing on Case No. MPP 30,919 and order the Defendants to show cause why they should be allowed to proceed in any manner with other hearings or proceedings in Case No. MPP 30,919 "unless and until the case is remanded." 28 U.S.C. § 1446(d).

THE PLAINTIFF

By_____

David N. Rosen
David Rosen & Associates, P.C.
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
(203) 789-1605 Fax
Juris No.: CT00196
drosen@davidrosenlaw.com

---

the police union's complaint, which he has not removed, from going forward). But it is not urgent that the hearing proceed before this Court has an opportunity to carry out its constitutional function. In fact, the state proceedings have been pending for 11 months, and Briscoe's motion to intervene, filed in June, 2014, was pending for almost that long until the Board finally granted it April 10, allowing Briscoe to remove.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Application for Temporary Restraining Order will be e-mailed immediately to counsel for the Defendants, Harry Elliott, harry.elliott@ct.gov, immediately after it is filed with Court and that it will be formally served on Defendants as soon as possible thereafter.

_____

David N. Rosen