UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BRISCOE,<br><br>          Plaintiff,<br> v.<br><br>CHAIRPERSON OF THE CONNECTICUT STATE BOARD OF LABOR RELATIONS; SECOND MEMBER OF THE CONNECTICUT STATE BOARD OF LABOR RELATIONS; THIRD MEMBER OF THE CONNECTICUT STATE BOARD OF LABOR RELATIONS,<br><br>          Defendants. | Civil Action No.<br>No. 3:15-cv-607 (CSH)<br><br><br><br><br><br>APRIL 28,  2015 |

RULING ON PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER [DOC. 3]

**HAIGHT, Senior District Judge:**

The captioned case, No. 3:15-cv-607, is related to those cases bearing docket Nos. 3:14-cv-716 and 3:15-cv-588.[1]  The captioned case, No. 15-cv-607, is before the Court on the motion of Michael Briscoe, the plaintiff, for a temporary restraining order ("TRO") [Doc. 3] pursuant to Rule 65(b), Fed. R. Civ. P.

All three cases arise out of the same nexus of facts, specifically, the action of New Haven, Connecticut Mayor Toni N. Harp in transferring Michael Briscoe, the plaintiff in No. 15-cv-607 and a New Haven firefighter, from the New Haven Fire Department Suppression Unit to the position of

---

[1]For  purposes of brevity, the Court will omit the numeral "3" preceding the case numbers of the cases cited herein.  For example, case No. 3:15-cv-607 will be cited simply as "15-cv-607" throughout the Ruling.

Director of the Department of Public Safety and Communications.  That action took place in April 2014, following a direct exchange of correspondence between Briscoe and the Mayor.

Briscoe is a member of New Haven Firefighters Local 825 ("Local 825" or "the Union"). Local 825 is the plaintiff and counterclaim defendant in No. 14-cv-716, and the plaintiff in No. 15-cv-588.  Local 825 is also the complainant in proceeding No. MPP-30,919, currently pending before the Connecticut State Board of Labor Relations ("State Labor Board").   That administrative proceeding forms the subject matter of No. 15-cv-607 in this Court.

The gravamen of Local 825's claims in these three related actions is that Mayor Harp's transfer of Briscoe's employment status and position, accomplished by direct dealings between the Mayor and Briscoe, was invalid because it should have been accomplished, if at all, as the result of negotiations between Local 825 and the City of New Haven, pursuant to the collective bargaining agreement between those parties.  That is the theory Local 825 asserts in a "Prohibited Practice Complaint" it lodged against the City before the State Labor Board, proceeding No. MPP-30,919. Local 825's wording of its administrative complaint left the State Labor Board in no doubt as to the Union's purpose.  Complaining of "a change and condition of [Briscoe's] employment without negotiating the same," Local 825 "requests that the State immediately investigate this matter, with an eye [to] ordering the Respondent, City of New Haven to cease and desist from effecting said transfer until the same can be negotiated with the Union."  No. 15-cv-588, Doc. 1-1, at 15.

Briscoe has assumed the duties of the new office to which Mayor Harp transferred him in April 2014.  Briscoe responded to Local 825's complaint to the State Labor Board by applying to intervene in that proceeding as a co-respondent, together with the City.  The Board granted that application.  Having achieved the status of a party before the State Labor Board, Briscoe then filed

a notice of removal, purportedly under 28 U.S.C. § 1443, which Briscoe alleges has the effect of removing Local 825's "Prohibited Practice Complaint" from the State Labor Board to this Court for adjudication.

Counsel for the State Labor Board do not agree that 28 U.S.C. § 1443 operates to effect a removal of the pending complaint before that agency to this Court.  Counsel intend to file a motion for a remand.  That motion has not yet been made because the notice of removal was filed very recently, namely, on April 22, 2015.

Briscoe has filed the present motion for a temporary restraining order because the State Labor Board set Local 825's complaint down for an administrative hearing at 1:30 p.m. on Monday, April 27, 2015.  In weekend telephone exchanges that were apparently polite but pointed, counsel for Briscoe invited counsel for the State Labor Board to agree that the removal of the administrative proceeding to this Court precluded an administrative hearing; State Labor Board counsel declined that invitation and declared the Board's intention to proceed with the 1:30 p.m. hearing on April 27; and counsel for Briscoe applied to this Court in No. 15-cv-607 for a TRO.  The complaint in 15-cv-607 names Briscoe as the plaintiff and the three members of the State Labor Board as defendants. The relief prayed for in Briscoe's complaint in that case is that "this Court enter judgment restraining the Defendants from proceeding in Case No. MPP-30,919 unless and until that case is remanded by this Court."  The proposed order submitted by Briscoe provides that "the defendants are temporarily restrained from going forward with the proposed hearing, until further order of this Court." Doc. 3-1, at ¶ 1.

Owing to the exigencies of time, the Court arranged a telephone conference call involving all counsel of record, which commenced at 11:30 a.m. on April 27.  Vocal appearances were made

by attorneys of record representing Briscoe, the State Labor Board, Local 825, and the City of New Haven. A full colloquy ensued. Counsel felt free to disagree with each other, the Court encouraged them to do so (no encouragement was necessary), and the Court commends counsel for the quality of their presentations on short notice.

Confirming the Court's oral ruling at the end of the conference call, a temporary restraining order will enter in case No. 15-cv-607. My reasons are these.

Briscoe's principal claim in the three related cases before this Court is that Local 825's efforts to block his job transfer, by means of a quo warranto action (No. 14-cv-716, filed in Connecticut Superior Court and removed by Briscoe to this Court) and by the "prohibited practice" complaint Local 825 filed with the State Labor Board, constitute impermissible retaliation on the part of the Union and its officers for Briscoe's earlier assertion of federal civil rights claims arising out of an examination the City used in 2003 for promotions to lieutenant in the New Haven Fire Department. The Union and its officers deny that claim. Briscoe cites the nature of his retaliation claim as the justification for his removal of No. 15-cv-588 under 28 U.S.C. § 1443, a section of the removal statute captioned "Civil rights cases."

In opposing the issuance of a temporary restraining order against the State Labor Board commissioners in No. 15-cv-607, counsel for the Board was careful to refrain from any mention of or involvement in the merits of those underlying disputes between Briscoe and Local 825. Counsel argued for two factors which, in his submission, precludes this Court from granting Briscoe the preliminary equitable relief his present application seeks. First, Board counsel contends that § 1443 does not apply to the pending administrative complaint filed by Local 825 because the State Labor Board is not a "State court" and the administrative proceeding is not an "action," as those phrases

are used in § 1443, which allows the removal of "civil actions . . . commenced in a State court."

Second, Board counsel contends that this Court cannot grant the TRO Briscoe prays for because

Briscoe has not pleaded and could not prove that the Court's denial of a TRO would cause him

"irreparable harm," an essential showing for a party seeking that form of preliminary equitable

relief.[2]

The first of these two contentions raises a question of substance. If the State Labor Board

and its proceeding relating to Briscoe's transfer by Mayor Harp do not fall within the ambit of

§ 1443, the removal of that proceeding from the Board to this Court was improvidently made, and

the case must be remanded. However, if removal of the Board proceeding to this Court was properly

made, that triggers the provisions of 28 U.S.C. § 1446 (d), which provides that once a notice of

removal has been filed, "the State court shall proceed no further unless and until the case is

remanded."

During the conference call yesterday, able counsel for all parties agreed that they knew of

no Supreme Court or Second Circuit decision which squarely addresses the applicability of § 1443

to a proceeding before a State agency that is not a "court." These are the two courts whose decisions

are binding on me. The lower federal courts are divided on the question. I may agree or disagree

with any of them (which might launch this case on its voyage to the Second Circuit). This Ruling

neither expresses nor intimates a view on the question, which has not been fully submitted. That will

occur when the State Labor Board files its intended motion for a remand. Whether this removed

case should be remanded is for this Court alone to decide. For the present, I conclude that there is

---

[2]   *See, e.g., Reuters Ltd. v. United Press Int'l., Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) ("the moving party must first demonstrate that [irreparable] injury is likely before the other requirements for the issuance of an injunction will be considered.")

a sufficient possibility that the removal in No. 15-cv-588 was proper to warrant a TRO restraining the Board's administrative proceeding until that question is resolved.

As for irreparable harm to Briscoe, § 1446 (d) provides that Briscoe's filed notice of removal "shall effect the removal and the State shall proceed no further unless and until the case is remanded." Briscoe's participation in the State Labor Board proceeding, which counsel suggested during the conference might be protracted, with numerous witnesses, would be costly for Briscoe: not just in professional fees and personal out-of-pocket expenses, but also in the distraction and anxiety attendant upon a State administrative proceeding which places his newly acquired employment position at risk. Should it be later determined (perhaps after appeal) that Briscoe's removal of the State proceeding was proper and the Board should not have gone ahead with the hearing, the harm to Briscoe would not be fully compensable.

The foregoing discussion is made for the purpose of complying with Rule 65(d)(1) of the Federal Rules of Civil Procedure. For the foregoing reasons, and in the exercise of its discretion, the Court issues this TEMPORARY RESTRAINING ORDER, pursuant to Rule 65 (d):

1.    The Defendants, the present Chairperson and Members of the Connecticut State Board of Labor Relations, and their officers, agents, attorneys, servants, employees, and attorneys, are temporarily restrained from going forward with any hearing or other proceedings in that Complaint now pending before the Board and bearing Case Number MPP-30,919.

2.    Defendants shall show cause by motion to remand, to be filed not later than **May 8, 2015**, why this Restraining Order should be lifted and the case remanded. Upon the filing of a motion to remand, should that occur, the case in this Court will be construed as a contested motion by plaintiff Briscoe for a preliminary and permanent injunction.

3.      Service of this Temporary Restraining Order upon the individual defendants will be accomplished by service upon counsel who represented them during the April 27, 2015 conference call.

It is SO ORDERED.

Dated: New Haven, Connecticut
          April 28, 2015


                                                    /s/Charles S. Haight, Jr.
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge